Susan M. Jennik, Esq.
Cohen, Weiss and Simon, LLP
900 Third Avenue
New York, NY 10022-4869
212-563-4100
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PATRICK LOPRESTI, AS TRUSTEE OF THE INTER-LOCAL PENSION FUND,<br><br>                                       Plaintiff,<br><br>                 -against-<br><br>BRIGAR X-PRESS SOLUTIONS, INC., d/b/a DIGITAL XPRESS, a/k/a X-PRESS DIGITAL SOLUTIONS, INC., X-PRESS FORMS, INC., X-PRESS INFO SOLUTIONS, INC., JACK McGRATH, and JODI L. HESS,<br><br>                                       Defendants. | No. _____<br><br><br>**COMPLAINT** |

Plaintiff, by his attorneys, Cohen, Weiss and Simon, LLP complaining of Defendants, respectfully alleges as follows:

**NATURE OF ACTION**

This is an action arising under Section 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, to recover employee contributions to the Inter-Local Pension Fund ("Fund") deducted from employee paychecks but not paid to the Fund.

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this action pursuant to Sections 502(a)(3), (d)(1) and (e)(1) and (f), and 515 of ERISA, §§ 1132(a)(3), (d)(1), (e)(1) and (f), and 1145; Section 301(a) of the LMRA 29 U.S.C. § 185(a); and 28 U.S.C. §1331.

2.       Venue lies in this district under 29 U.S.C. § 1132(e)(2), as the Fund is administered in this district.  Venue also lies in this district under 29 U.S.C. § 185(a).

## PARTIES

3.       Local One-L, GCC/IBT (the "Union") is an employee organization as defined under 29 U.S.C. § 1002(4).

4.       The Union is a plan sponsor of the Inter-Local Pension Fund (the "Fund"), pursuant to 29 U.S.C. § 1002(16)(b) and a party in interest of the Fund pursuant to 29 U.S.C. § 1002(14)(D).

5.       The Fund is an "employee benefit plan" or "plan" within the meaning of 29 U.S.C. § 1002(3), and is subject to the provisions of Title I of ERISA pursuant to 29 U.S.C. § 1003(a).  Furthermore, because the Fund was established by an employee organization, the Fund is a multiemployer plan, within the meaning of 29 U.S.C. § 1002(37)(A).

6.       Patrick LoPresti ("LoPresti") is a member of the Board of Trustees of the Fund and has discretionary authority and control regarding the management of the plan and the management and disposition of its assets.  As such, LoPresti is a fiduciary within the meaning of section 29 U.S.C. § 1002(21) and a party in interest of the Fund within the meaning of 29 U.S.C. § 1002(14)(A).

7.       The Fund is maintained pursuant to a Trust Indenture (the "Trust"), which defines the terms of the plan. (A copy is attached as Exhibit 1.) The Fund's principal place of business is 455 Kehoe Blvd, Carol Stream, IL 60188; the Fund is also administered at 113 University Place, New York, NY 10003 where employee contributions of members of the Union are sent.

2

8.     The Fund was organized pursuant to 26 U.S.C. § 501(c)(18) and is funded entirely by contributions from employees.

9.     LoPresti has the legal right to bring suit under 29 U.S.C. §1132(a)(3).

10.     Brigar X-Press Solutions, Inc., d/b/a Digital Xpress, a/k/a X-Press Digital Solutions, Inc., X-Press Forms, Inc., and X-Press Info Solutions, Inc., (the "Company") is, and at all times relevant to this action has been, an "employer" within the meaning of 29 U.S.C. § 1002(5) and 29 U.S.C. § 185(a).  In addition, the Company is a party in interest of the Fund within the meaning of 29 U.S.C. § 1002(14)(C).  The Company's principal place of business is 5 Sand Creek Road, Albany, NY 12205.

11.     Defendant Jack McGrath ("McGrath") is the founder of the Company.

12.     McGrath is a fiduciary of the Fund within the meaning of 29 U.S.C. § 1002(21)(A) because he retained management and control over plan assets.  In addition, McGrath is a party in interest to the Fund pursuant to 29 U.S.C. § 1002(14)(A) and (H).

13.     Defendant Jodi L. Hess ("Hess") is President of the Company and its registered agent.

14.     Hess is a fiduciary within the meaning of 29 U.S.C. § 1002(21)(A) because she retained management and control over plan assets.  In addition, Hess is a party in interest to the Fund pursuant to 29 U.S.C. § 1002(14)(A) and (H).

## FACTUAL ALLEGATIONS

15.     The Company was bound to a Collective Bargaining Agreement ("CBA") dated November 11, 2013, for the period January 1, 2013 through December 31, 2017. (A copy is attached as Exhibit 2.)

00957384.1                                                                          05/16/2018 12:54 PM

16.     At all times relevant to this action, the CBA has required the Company to deduct from employee paychecks contributions to the Fund and to remit them to the Union which in turn remits them to the Fund.  Article 17 of the CBA requires the employer to withhold contributions to the Fund from employees' paychecks and to forward the amounts withheld to the Fund. (Ex. 2 at 19.)

17.     Employee contributions are considered plan assets "as of the earliest date on which such contributions…can reasonably be segregated from the employer's general assets [,]" 29 C.F.R. § 2510.3-102.  Unless otherwise provided by the plan document, the maximum time period allowed for employee contributions to retirement plans cannot exceed fifteen (15) business days per 29 C.F.R. § 2510.3-102(b).

18.      Along with the contributions, the CBA requires the Company to submit a report to the Fund to "permit proper crediting to the employee's account in the Fund."  (Ex. 2 at 19.)

19.     The following amounts were withheld from employees' paychecks by the Company as employee contributions to the Fund and were not remitted to the Fund:

(a)     March 2017: $7,463.37 (for February 2017 withholdings);

(b)     April 2017: $6,049.30 (for March 2017 withholdings);

(c)     May 2017 $6,374.44 (for April 2017 withholdings);

(d)     June 2017: $7,542.59 (for May 2017 withholdings);

(e)     July 2017: $5,882.02 (for June 2017 withholdings);

(f)     August 2017: $6,682.32 (for July 2017 withholdings);

(g)     September 2017: $8,137.96 (for August 2017 withholdings);

(h)     October 2017: $6,498.10 (for September 2017 withholdings); and

4

(i)     November 2017: $3,285.33 (for December 2017 withholdings).

20.     From March to November 2017, the Company deducted $57,915.43 from employees' paychecks for contributions owed to the Fund and did not remit that money to the Fund.

21.     Since March, 2017, the Company made payments to the Fund totaling $20,000. Therefore the amount owed is $37,915.43.

22.     The Company is controlled by McGrath and Hess who retained control over the management and disposition of the Fund's assets, *i.e.*, employee contributions to the Fund deducted from employee paychecks but not remitted to the Fund.

23.     Therefore, McGrath and Hess are each a fiduciary within the meaning of 29 U.S.C. § 1002(21) and are subject to the fiduciary duties described under 29 U.S.C. § 1104.

24.     Effective November 2, 2017, the CBA was terminated and the Company is no longer bound by its provisions.

### FIRST COUNT AGAINST THE COMPANY FOR
### FAILURE TO REMIT EMPLOYEE CONTRIBUTIONS IN VIOLATION OF ERISA

25.     Plaintiff repeats and realleges the allegations stated above.

26.     During the period of March to November 2017, the Company withheld $57,915.43 from its employees' pay as contributions intended for the Fund.  The Company did not remit the employee contributions to the Fund but retained the withheld employee contributions in its general assets.

27.     Since March, 2017, the Company made payments to the Fund totaling $20,000. Therefore the amount owed is now $37,915.43.

5

28.     Section 515 of ERISA, 29 U.S.C. § 1145, requires that, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

29.     Section 502(a)(3) of ERISA, 29 U.S.C. 1131(a)(3), provides that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin nay act or practice which violates any provision of this title or the terms of the plan, or (b) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provisions of this title or the terms of the plan."

30.     Section 502(g)(2), 29 U.S.C. § 1132(g)(2), mandates that:

In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 [29 U.S.C. § 1145] in which a judgment in favor of the plan is awarded, the court shall Award The plan---

    (A) the unpaid contributions,
    (B) interest on the unpaid contributions,
    (C) an amount equal to the greater of ---
        (i) interest on the unpaid contributions, or
        (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent ... of the amount determined by the court under subparagraph (A).
    (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
    (E) such other legal or equitable relief as the court deems appropriate.

31.     The Company's failure to remit to the Fund the employee contributions to the Fund deducted from employees' paychecks violates § 515 of ERISA, 29 U.S.C. § 1145.

## SECOND COUNT AGAINST THE COMPANY FOR
## FAILURE TO REMIT EMPLOYEE CONTRIBUTIONS IN VIOLATION OF THE CBA

30.    Plaintiff repeats and realleges the allegations stated above.

31.    Section 301 of the LMRA, 29 U.S.C. §185(a), provides a federal cause of action for "[s]uits for violation of contracts between an employer and a labor organization."

32.    By failing to pay the contributions and other amounts owing, the Company has violated the CBA and the Trust, which is incorporated into the CBA.

## THIRD COUNT AGAINST MCGRATH AND HESS FOR BREACH OF FIDUCIARY DUTY OWED TO THE FUND

33.    Plaintiff repeats and realleges the allegations stated above.

34.    Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1), provides in pertinent part, as follows:

> …[A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—
>     (A) for the exclusive purpose of:
>         (i) providing benefits to participants and their beneficiaries; and
>         (ii) defraying reasonable expenses of administering the plan;

35.    During the period of March to November 2017, McGrath and Hess had authority and control over the employee contributions to the Fund which had been deducted from employees' paychecks and were not remitted to the Fund.

36.    McGrath and Hess used the unremitted employee contributions to the Fund constituting plan assets for the benefit of the Company rather than the benefit of the participants of the Fund.

37.    Consequently, McGrath and Hess violated the fiduciary duties owed to the Fund, as follows:

    (i)    Failed to discharge their duties with respect to the Fund solely in the interest of the participants and beneficiaries and for the

00957384.1 05/16/2018 12:54 PM

exclusive purpose of providing benefits to participants in violation of 29 U.S.C. § 1104(a)(1)(A);

(ii) caused the Fund to engage in transactions that they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of any assets of the Fund in violation of 29 U.S.C.§1106(a)(1)(D);

(iii) dealt with the Fund's assets in their own interest or for their own account in violation of 29 U.S.C. § 1106(b)(1); and

(iv) acted in a transaction involving the Fund on behalf of a party whose interests were adverse to the interest of the Fund and to the interest of the Fund participants and beneficiaries in violation of 29 U.S.C. § 1106(b)(2).

38. As a direct and proximate result of Defendants fiduciary breaches, the Plans have suffered injury and losses for which they are personally liable and subject to appropriate equitable relief, pursuant to 29 U.S.C. § 1109.

## FOURTH COUNT AGAINST THE COMPANY, MCGRATH AND HESS FOR CONVERSION OF FUND ASSETS

39. Plaintiff repeats and realleges the allegations stated above.

40. ERISA preemption does not preclude a state law action for conversion to recover contributions owed to the Fund pursuant to the terms of the CBA.

41. The tort of conversion is available when a defendant, intentionally and without authority, assumes or exercises control or dominion over property belonging to another, thereby interfering with their right of possession.

42. The unlawful control of the Company, McGrath and Hess over the employee contributions to the Fund gives rise to a state common law claim of conversion.

05/16/2018 12:54 PM

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

1.      Judgement against Brigar X-Press Solutions, Inc., d/b/a Digital Xpress, a/k/a X-Press Digital Solutions, Inc., X-Press Forms, Inc., and X-Press Info Solutions, Inc., Jack McGrath and Jodi L. Hess, jointly and severally, in favor of the Fund in the sum of **$37,915.43**;

2.      Interest on the amount owed to the Fund in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132 (g)(2)(B);

3.      Liquidated damages as provided in Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

4.      Awarding attorneys' fees and costs in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

5.      Ordering Brigar X-Press Solutions, Inc., d/b/a Digital Xpress, a/k/a X-Press Digital Solutions, Inc., X-Press Forms, Inc., and X-Press Info Solutions, Inc., Jack McGrath and Jodi L. Hess, to restore to the Fund employee contributions and lost opportunity costs resulting from their fiduciary breaches;

6.      Ordering such further relief as the Court may deem just and proper.

Dated: New York, New York
          May 16, 2018

9

Susan M. Jennik
COHEN, WEISS AND SIMON LLP
900 Third Avenue
New York, New York 10022
(212) 563-4100
sjennik@cwsny.com

Attorneys for Plaintiffs

10